**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| TENIYA G. DAVIS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | 2:18-cv-01968-APG-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>[ECF Nos. 20 and 23] |

This matter involves plaintiff Teniya G. Davis's appeal from the Commissioner's final decision denying Davis's social security benefits. Before the Court is Davis's motion for summary judgment (ECF No. 20) and the Commissioner's cross-motion to affirm (ECF No. 23). The Court recommends denying Davis's motion for summary judgment and granting the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

1

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it). The Court may not reverse an ALJ's decision on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), citing to *Shinseki v. Sanders*, 556 U.S. 396, 409, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009)( "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.")

## BACKGROUND

The Administrative Law Judge followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded Davis did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 20 at 4). The ALJ found Davis suffered from medically determinable severe

impairments consisting of anxiety disorder, affective disorder, personality disorder, post-traumatic stress disorder, neurocognitive disorder status post traumatic brain injury, disorder of the left foot and ankle, and obesity, but the impairments did not meet or equal any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 4). The ALJ concluded Davis retained the functional capacity to perform light work under 20 CFR 404.1567(b) and 416.967(b) except she could not climb ladders, among other limitations. (*Id.*) The ALJ found that Davis was not disabled as defined in the Social Security Act. (*Id.*).

Davis challenges this finding. Davis's arguments are: 1) that the ALJ's use of the word "simple" is ambiguous, because he does not note that Dr. Hawkins and Dr. Schumacher used the word "simple" with the caveat "and some 3-4 step tasks" (ECF No. 20 at 10), and 2) that the ALJ does not properly credit the opinion of Dr. Winkleman (*Id.* at 12). The Commissioner argues the ALJ's findings are supported by substantial evidence and free from reversible legal error. (ECF No. 23 at 2).

**I.      The Opinions of Dr. Hawkins, Dr. Schumacher, and Dr. Winkleman**

Dr. Pamela Hawkins conducted the record review for Davis's initial disability determination in August 2015. (ECF No. 16-1 at 104). Dr. Hawkins found that Davis's ability to understand, remember, and carry out "very short and simple instructions" was "[n]ot significantly limited," but her ability to understand, remember, and carry out "detailed instructions" was "[m]oderately limited." (*Id.* at 103). Under the "MRFC-Additional Explanation" section, Dr. Hawkins wrote, "simple and some 3-4 step tasks…limited public contact. Can interact adequately with peers/supervisors…can adapt to a low demand work setting consistent with simple and some detailed work." (*Id.* at 104). The determination concluded that Davis was not disabled and could work as a housekeeper, addresser, and a table worker. (*Id.* at 120).

Dr. Timothy Schumacher conducted Davis's disability determination reconsideration in December 2015. (ECF No. 16-1 at 139). Dr. Schumacher agreed with Dr. Hawkin's determination that Davis could perform work as an addresser (209.587-010). (*Id.* at 140). Dr. Schumacher reached identical conclusions as Dr. Hawkins regarding Davis's ability to understand, remember, and carry out detailed instructions and had an identical description in the "MRFC-Additional Explanation" section. (*Id.* at 138). The determination also concluded that Davis was not disabled. (*Id.* at 140).

Dr. Bonnie Winkleman conducted a psychological evaluation at the request of the state agency. (ECF No. 20 at 5). Dr. Winkleman assessed Davis as having the ability to perform, "simple and a few detailed tasks without special supervision." (ECF No. 16-1 at 611). Dr. Winkleman stated that if Davis participated in mental health services her symptoms would improve or stabilize within 6 to 12 months. (*Id*. at 612).

## II.     The ALJ's Findings

In evaluating Davis's residual functional capacity, the ALJ summarizes several medical opinions, including the opinions of doctors Bonnie Winkleman, Victor Bonuel, and Miracle Wangsuwana, but does not summarize the opinions of the SSA consultants Dr. Hawkins and Dr. Schumacher. (See ECF No. 16-1 at 34). The ALJ does not affirmatively reject either Dr. Hawkins or Dr. Schumacher's opinions. The ALJ assigned great weight to the opinion of examining psychologist Dr. Winkleman who assessed that Plaintiff "could understand, remember, and carry out simple and a few detailed tasks without special supervision" (*Id*.) The ALJ limits Davis to "simple tasks" (*Id.*), with "no production rate pace work" (*Id.* at 30) and no public interaction (*Id.*).

The ALJ called Gregory Jones to testify as a vocational expert. (*Id.*) The ALJ directed Jones to assume a limitation to simple tasks typical of unskilled work occupations but no production rate pace, occasional interaction with coworkers, and no interaction with the public. (*Id*. at 85). Based on Jones's

4

testimony, the ALJ found that Davis could perform the work of a routing clerk, a dry cleaner, and a mail clerk. (*Id.* at 37). Regarding sedentary work, the ALJ found that Davis could work as an addressing clerk, hand preparer, bench hand, and ampoule sealer. (*Id.*) Six of these occupations are reasoning level two jobs, and one (mail clerk) is a reasoning level three job. (*Id.*).

## DISCUSSION

In *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), the Ninth Circuit held that a claimant limited to "simple, routine, or repetitive tasks" could presumptively not do work rated by the Dictionary of Occupational Titles as requiring reasoning level three. *Id.* at 847. The Ninth Circuit ruled, "[i]n sum, because the ALJ failed to recognize an inconsistency [between simple work and reasoning level three], she did not ask the expert to explain why a person with Zavalin's limitation could nevertheless meet the demands of level three reasoning." *Id.* "Simple repetitive tasks" is a term of art generally coinciding with reasoning level two. *Turner v. Berryhill*, No. 15-16265, 2017 WL 2814436, at 2 (9th Cir. June 28, 2017); *Goldstein v. Colvin*, No. 2:13-CV-00095-GMN, 2014 WL 3919732, at 4 (D. Nev. Aug. 12, 2014). Reasoning level two requires workers to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." (ECF No. 16 at 9). Reasoning level one requires workers to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." (*Id.*).

Plaintiff argues that the vocational expert understood the ALJ's use of the word "simple" to be synonymous with unskilled tasks requiring repetitive work. (ECF 20 at 10). Plaintiff argues that work requiring reasoning level three conflicts with the limitation to simple routine tasks. (*Id.* at 20). Plaintiff also argues that the ALJ did not explain how he weighed, "some 3-4 step tasks." (ECF 25 at 5). Plaintiff notes that a limitation to simple work includes both reasoning level one and reasoning level two but

5

emphasizes that here the, "physicians did not use the unqualified "simple", they used the phrase *simple and some 3-4 step tasks*." (ECF 25 at 4) (emphasis in original).

Plaintiff argues that the ALJ improperly rejected Dr. Hawkins and Dr. Schumacher's opinions because the ALJ did not summarize their residual functional capacity assessments. (ECF No. 20 at 11). Plaintiff also argues that the ALJ improperly decided not to credit Dr. Winkleman's opinion because the ALJ did not summarize Dr. Winkleman's assessment that Davis may require supervision to complete detailed tasks and the ALJ improperly decided not to include Dr. Winkleman's observation of Davis's poor judgment in his determination. (*Id*. at 12-13).

The Commissioner acknowledges that in *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015), the court found an apparent conflict between an RFC for simple, repetitive tasks and the demands of reasoning level three jobs. (ECF 23 at 4). Defendant counters that the identification of one level three job, if it is an error, is a harmless error, because the ALJ also found she could perform six other jobs with a lower reasoning level. (ECF 23 at 4). *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2018) (any error the ALJ committed in finding that the claimant could perform a reasoning level three job was harmless because the ALJ also found he could perform other jobs with a lower reasoning level). The Commissioner argues that Dr. Winkleman's assessment that Davis may require supervision to complete detailed tasks is irrelevant, because Dr. Winkleman opined that Davis could perform simple tasks without supervision. (ECF 23 at 7).

The difference between whether Davis can perform "simple" or "simple and some 3-4 step tasks" is relevant due to the reasoning level of the work the ALJ found that Davis could perform. DOT, Appendix C, defines the reasoning abilities corresponding with different levels of reasoning. Six of the seven jobs the ALJ lists in his determination is assigned a reasoning level of at least two, which requires workers to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral

6

instructions." DOT Appendix C. The ALJ lists one reasoning level three job, which requires workers to, "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." (*Id.*)  Reasoning level one, the lowest level, requires workers to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." (*Id.*).  None of the jobs listed by the ALJ is assigned a reasoning level one.

Dr. Hawkins and Dr. Schumacher were not treating physicians. The Court finds that the ALJ in fact, did not, reject Dr. Hawkins and Dr. Schumacher's opinions, because even though he did not summarize both of their opinions, the ALJ's findings are consistent with Dr. Hawkins and Dr. Schumacher's opinions regarding Davis's ability to perform reasoning level two jobs.  The ALJ's findings are also more restrictive than Dr. Hawkins and Dr. Schumacher's findings, as the ALJ limits Davis to "simple tasks" (*Id.* at 11), with "no production rate pace work" (*Id.* at 30) and no public interaction (*Id.* at 7).  Even if the ALJ improperly disregarded Dr. Hawkins and Dr. Schumacher's opinion, the ALJ's findings are supported by substantial evidence.

There is sufficient evidence in the record to support the ALJ's finding that Davis was capable of performing six reasoning level two jobs. Dr. Hawkins concluded in her initial disability determination that Davis could work as an addresser (209.587-101), which is a reasoning level two job. (ECF No. 16-1 at 106).  While listing potential jobs was not Dr. Hawkins's specific duty, the consultant is required to "collaborate as [part of] the adjudicative team" and "[r]eview determinations to ensure their integrity." Social Security Program Operations Manual System DI 24501.001(A), (B)(3)(d). Dr. Schumacher agreed that Davis could perform work as an addresser (reasoning level two).  (ECF No. 16-2 at 140). "Simple repetitive tasks" is a term of art generally coinciding with reasoning level two.  *See Turner v. Berryhill*, No. 15-16265, 2017 WL 2814436, at *2 (9th Cir. June 28, 2017); *Goldstein v. Colvin*, No. 2:13-CV-00095-GMN, 2014 WL 3919732, at *4 (D. Nev. Aug. 12, 2014).  This evidence tends to show

that Dr. Hawkins and Dr. Schumacher's use of the words "and some 3-4 step tasks" did not preclude Davis from performing reasoning level two jobs.

Evaluating the context surrounding Dr. Hawkins and Dr. Schumacher's findings regarding "simple and some 3-4 step tasks" and their conclusion that Davis could perform the reasoning level two work of an addresser, there is sufficient evidence to support the ALJ's determination that Davis was capable of performing reasoning level two work. The Court acknowledges that the phrase "simple and some 3-4 step tasks" is ambiguous. Since both doctors found that Davis could perform at least one type of reasoning level two work however, this finding by both doctors resolves this ambiguity. The standard of review requires affirming the ALJ's decision if the evidence supports more than one interpretation. *See Burch* 400 F.3d at 679.

The Court finds that the ALJ erred by finding that a person with Davis's limitations could work as a mail clerk which requires reasoning level three without recognizing and inquiring about the apparent conflict between the vocational expert's testimony and the DOT. However, since the ALJ only identified one reasoning level three job out of seven jobs, the error is harmless because the ALJ's finding that Davis could perform six reasoning level two jobs still stands.

The Court also finds that plaintiff's arguments that the ALJ did not credit Dr. Winkleman's findings are unavailing. The ALJ's determination appropriately captured Davis's mental health restrictions because his findings are consistent with the restrictions identified in Dr. Winkleman's opinion. In *Stubbs-Danielson,* the physicians observed "slow pace" and assessed moderate difficulties in several mental areas, including the ability "to perform at a consistent pace without an unreasonable number and length of rest periods," as well as difficulties regarding attention, concentration, and adaption; the court concluded that the ALJ appropriately "translated *Stubbs-Danielson's* condition, including the pace and mental limitations, into the only concrete restrictions available to him – [the

doctor's] recommended restriction to 'simple tasks.'" See *Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ assigned great weight to Dr. Winkleman's opinion, including her determination that Davis could understand, remember, and carry out simple and a few detailed tasks without special supervision.

Where Dr. Winkleman assessed Davis as having "moderate difficulty responding appropriately to work pressure," the ALJ appropriately limited plaintiff to work with no production rate pace work. The ALJ's restriction to occasional interaction with coworkers and no interaction with the public accommodated Plaintiff's "moderate difficulty working in conjunction with or in proximity to others." (ECF No. 16-1 at 611). The ALJ's limitation to simple tasks sufficiently accommodated plaintiff's poor judgment: the jobs the vocational expert identified were classified as unskilled, which explicitly is defined as work "which needs little to no judgment." 20 C.F.R. § 404.1568(a) (emphasis added). The ALJ's limitations are consistent with Dr. Winkleman's opinion.

ACCORDINGLY,

IT IS RECOMMENDED that Davis's motion for summary judgment (ECF No. 20) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 23) be GRANTED.

DATED this 29th day of August 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE