# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TENIYA DAVIS, | Case No.: 2:18-cv-01968-APG-VCF |
| Plaintiff | **Order Accepting Report and Recommendation, Granting Motion to Affirm, and Denying Motion for Summary Judgment** |
| v. | |
| ANDREW SAUL,[1] Commissioner of Social Security | [ECF Nos. 20, 23, 26] |
| Defendant | |

Plaintiff Teniya Davis filed applications for social security disability insurance benefits and supplemental security income on December 1, 2014. The Social Security Administration denied Davis's application, both initially and on reconsideration. Administrative Law Judge (ALJ) Barry Jenkins held a hearing on June 12, 2017. On November 7, 2017, ALJ Jenkins published a decision finding that Davis was not disabled. The Appeals Council declined Davis's request for review, making the decision the Commissioner's final decision. Davis seeks review of that decision, arguing that I should reverse or remand the matter for a new hearing because the ALJ's decision is not supported by substantial evidence.

On August 29, 2019, Magistrate Judge Ferenbach recommended that I deny Davis's motion for summary judgment and grant the Commissioner's motion to affirm. ECF No. 26. Davis objects to Judge Ferenbach's analysis pertaining to Dr. Hawkins and Dr. Schumacher. ECF No. 27 at 2-5. Davis does not object to Judge Ferenbach's analysis of the ALJ's use of Dr.

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration in June 2019. Pursuant to Federal Rule of Civil Procedure 25(d), I direct the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

Winkleman's assessment.  Thus, I will conduct a de novo review of only the ALJ's decision pertaining to Dr. Hawkins and Dr. Schumacher. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").  Having reviewed the record de novo, I agree with Judge Ferenbach that the ALJ's decision is supported by substantial evidence, so I deny Davis's motion and grant the Commissioner's motion to affirm.

**I. DISCUSSION**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards. *Jamerson v. Chafer*, 112 F.3d 1064, 1066 (9th Cir. 1997).  I may set aside the ALJ's determination only if it is not supported by substantial evidence or is based on legal error. *Id.*  "Substantial evidence means more than a scintilla, but less than a preponderance;" it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotations omitted).  If the

evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *Morgan v, Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). I also may order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Davis is entitled to disability benefits under the Social Security Act if she "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). If Davis demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Davis can perform a significant number of other jobs that exist in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

**A. Dr. Hawkins and Dr. Schumacher's Assessments**

Davis argues that the ALJ failed to consider Dr. Hawkins and Dr. Schumacher's assessment that she would be limited to "simple and some 3-4 step tasks." ECF No. 20 at 10. She argues this limitation conflicts with work requiring reasoning level two. *Id.* at 11; ECF No. 25 at 4 ("In this context, *simple* does not include 3-4 step tasks, but something less rigorous.") (emphasis in original)). Davis also argues that the ALJ erred by not summarizing, describing, or rejecting Dr. Hawkins and Dr. Schumacher's residual functional capacity (RFC) assessments,

3

including the limitation to 3-4 step instructions. *Id.* In Dr. Hawkins and Dr. Schumacher's RFC assessments, they included the language "simple and some detailed tasks" in addition to "simple and some 3-4 step tasks." *See* ECF No. 16-1 at 115, 117-18, 151, 153-54.

The Commissioner argues that the ALJ considered Dr. Hawkins and Dr. Schumacher's medical opinions and properly translated their medical assessments into an RFC that was more restrictive than what Dr. Hawkins and Dr. Schumacher determined. ECF No. 23 at 4. The Commissioner argues that the ALJ's RFC restricted Davis to "simple tasks" with no production rate pace work and no public interaction, which is more limiting than Dr. Hawkins and Dr. Schumacher's assessments that Davis could perform "simple and some detailed tasks" or "simple and some 3-4 step tasks." *Id.* at 5. Judge Ferenbach found that the ALJ considered Dr. Hawkins and Dr. Schumacher's opinions because, even if he did not summarize them, the ALJ's findings are consistent with their medical assessments and opinions regarding Davis's ability to perform reasoning level two jobs. ECF No. 26 at 7.

The ALJ had substantial evidence supporting his determination that Davis could perform simple tasks corresponding with reasoning level two jobs. The ALJ included in his determination a paragraph that the state agency psychological experts "agreed that the claimant has moderate restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, and pace . . . ." ECF No. 16-1 at 35. Those experts are Dr. Hawkins and Dr. Schumacher. *See id.* at 101, 135-36. And while the ALJ's summary does not specifically describe the 3-4 step limitation, the ALJ adequately provides a summary of their RFC assessments and notes that he gives them "great weight." *Id.* at 35. Thus, Davis's argument that the ALJ failed to summarize Dr. Hawkins and Dr. Schumacher's RFC assessments is unfounded. *See Corthion v. Berryhill*, 757 Fed. Appx.

614, 617 (9th Cir. 2019) ("While an ALJ must support the decision to reject portions of a physician's opinion, the ALJ is not obligated to explain why he or she accepted that opinion.").

Dr. Hawkins and Dr. Schumacher opined that Davis could adapt to a low-demand work setting consistent with simple and some detailed work. The evidence suggests that Dr. Hawkins and Dr. Schumacher used simple and some detailed work/tasks and simple and some 3-4 tasks interchangeably and did not intend to imply that "simple" in that context equated to 1-2 step tasks. *See, e.g.,* ECF No.16-1 at 93-106 (disability determination explanation where Dr. Hawkins uses the two phrases to describe the same conduct and directs the reader to "see the PRT/MRFC for simple and some detailed tasks with limited public contact"); *id.* at 138 (describing that Davis can maintain concentration, pace and persistence for simple and some detailed tasks on the top of the page and then providing the same description but using simple and some 3-4 step tasks at the bottom of the page). Nowhere in the record did Dr. Hawkins or Dr. Schumacher discuss 1-2 step tasks.

The ALJ limited Davis to no public interaction, which is more restrictive than what Dr. Hawkins and Dr. Schumacher suggested. *See e.g.*, ECF No. 16-1 at 101 ("Clmt would be best suited to work with minimal social demands and limited public contact."). Further, the ALJ utilized other opinion evidence to reach the conclusion that Davis could perform simple work. The ALJ gave great weight to Dr. Winkleman's opinion, which described Davis as being capable of performing simple work. *Id.* at 611 (noting Davis could "understand, remember, and carry out simple and a few detailed tasks."). The ALJ gave great weight to all three of the medical assessments that each found that Davis could perform simple and a few detailed tasks. Thus, it was reasonable for the ALJ to limit Davis to simple tasks based on the evidence before him.

Because the evidence supports the interpretation that the ALJ could limit Davis to simple tasks without any further limitations, the ALJ did not err in accepting the vocational expert's testimony that Davis could perform jobs with reasoning level two. The Ninth Circuit has held that simple work is consistent with reasoning level two jobs. *See Turner v. Berryhill*, 705 Fed. Appx. 495, 498-99 (9th Cir. 2017) ("The RFC determination limiting Turner to 'simple, repetitive tasks,' which adequately encompasses Turner's moderate difficulties in concentration, persistence, or pace, is compatible with jobs requiring Level 2 reasoning."). Accordingly, I affirm the ALJ's decision.

## II. CONCLUSION

I HEREBY ORDER the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

I FURTHER ORDER that plaintiff Teniya Davis's objections (ECF No. 27) are overruled and that the Report and Recommendation **(ECF No. 26) is accepted.**

I FURTHER ORDER that Davis's motion for summary judgment **(ECF No. 20) is DENIED.**

I FURTHER ORDER that defendant Andrew Saul's motion to affirm **(ECF No. 23) is GRANTED.** The clerk of court is instructed to enter judgment in favor of defendant Andrew Saul and against plaintiff Teniya Davis.

DATED this 13th day of December, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE